

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS
## AUSTIN

GROVER SELLERS
ATTORNEY GENERAL

Honorable H. A. Jamison, Commissioner,
State Department of Banking
Austin, Texas

Dear Mr. Jamison:

Opinion No. O-6288
Re: Proper disposition of a sum remaining in the hands of the Banking Commissioner after liquidating a bank where all ordinary claims have been paid, and the remaining sum is claimed by the United State. upon a tax claim, and likewise by certain stockholders of the liquidated bank.

We have your request for an opinion as follows:

"The Federal Government has assessed an additional income and excise profit tax for the year 1936 against the American State Bank of Amarillo, Amarillo, Texas, in liquidation, for the sum of $2,230.64, together with penalty and interest. The interest being from and after April 23, 1941 at the rate of 6% per annum amounts to approximately $476.68, making a total claim at this time of $2,707.32, exclusive of any penalty.

"An attempt has been made to effect a compromise settlement to which reference was made in our letter of date July 31, 1942 addressed to Mr. B. W. Wilde, Internal Revenue Agent in Charge, Internal Revenue Department, Dallas, Texas, a copy of which is enclosed.

"The offer in compromise has been rejected by the Internal Revenue Department since such department believes that the amount tendered, in compromise, does not represent the maximum amount collectible from the taxpayer.

"We wish to add that in addition to the pledge of the assets to the R.F.C. as set out in the attached let-

NO COMMUNICATION IS TO BE CONSTRUED AS A DEPARTMENTAL OPINION UNLESS APPROVED BY THE ATTORNEY GENERAL OR FIRST ASSISTANT

tor, the stockholders of the American State Bank of Amarillo, executed a guaranty agreeing to indemnify the R.F.C. to the extent of $50,000.00 against loss by reason of making the loan to the American State Bank, Amarillo.

"In September 1942 all the remaining assets of the bank were sold to the R.F.C. for a consideration of $89,268.41, which amount constituted a reasonable market value of the assets. This amount was applied as a credit upon the indebtedness owing the R.F.C., which was at that time approximately $150,000.00 Under the terms of said sale the R.F.C. was to pay, and did pay over to the Banking Commissioner an amount sufficient to protect him in respect to the outstanding claim of the Internal Revenue Department. Accordingly we now hold in our possession the sum of $3,114.82, which in our opinion is slightly in excess of the full amount of the claim plus interest and penalties.

"We are now informed by the R.F.C. that the Guarantors have retired in full the obligation to it and all assets have been transferred back to the Guarantors. Therefore the R.F.C. is not at the present time a party at interest.

"Although this department has recognized the claim of the Internal Revenue Department as evidenced by much correspondence pertaining to an offer in compromise of the claim we have not officially approved or rejected the claim as filed, a copy of which is attached.

"The Guarantors are of the opinion that the claim is unjust and that the same can be defeated, and hence are not willing to agree to the payment of the claim. The over-all nature of the controversy would seem to result in the Banking Commissioner occupying a position of a mere stakeholder between the Guarantors and the Federal Government.

"Therefore, we respectfully request an opinion from you as to whether or not we can transfer the funds we are holding into the registry of the court and in the process bring about a proceeding that will result in an appropriate adjudication of the controversy by a court of competent jurisdiction."

We have carefully considered your problem, and are of the opinion the proper way to handle the matter is for you to reject the claim in too, and to notify the Collector of your action, as prescribed in Article 342-810 of the Texas Banking Code, 1943, (Vernon's codification).

Upon such rejection the claimant will, of course, file suit to establish the claim against you as Commissioner, whereupon it would be proper to make the stockholders - claimants - of the fund parties to the suit, and by appropriate answer show that all other claims have been paid, and all other assets disposed of, and set forth the respective claims of the Collector and the stockholders, and tender into the court the amount remaining in your hands, to the end that the court may determine the rightful owner of the fund as between the contestants.

This, we are thinking, would not require your further attendance upon the court, since the judgment of the court would dispose of the controversy in such manner as to bind the contending parties in the judgment, and at the same time protect you.

Very truly yours

ATTORNEY GENERAL OF TEXAS

By

/s/ Ocie Speer
Assistant

OS-MR-1w

APPROVED NOV 27, 1944
/s/ Carlos C. Ashley
FIRST ASSISTANT ATTORNEY GENERAL

APPROVED OPINION COMMITTEE BY
/S/ G. W. B., CHAIRMAN